UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KELLYANN A. McKENZIE,

                Plaintiff,                    **MEMORANDUM & ORDER**

   -against-                                   23-CV-4520 (NRM) (LB)

DR. WAI YEE CHUNG,

                Defendant.
-----------------------------------------------------------------X
NINA R. MORRISON, United States District Judge:

      Plaintiff Kellyann McKenzie ("Plaintiff"), proceeding *pro se*, filed this civil action in the United States District Court for the Southern District of New York on June 6, 2023. ECF No. 1. It was transferred to this Court on June 20, 2023. ECF No. 5. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. However, for the reasons set forth below, the Complaint is dismissed for lack of jurisdiction.

    **I. Background**

      The complaint is filed on a form complaint for civil actions. ECF No. 1. In the space to provide a basis for the federal courts' jurisdiction, Plaintiff checks the box for Federal Question and describes her claim as one for the "Right to Medical Treatment." *Id.* at 2. Plaintiff asserts that she and Defendant Wai Yee Chung ("Defendant") are citizens of New York State, and that Defendant, who is a dentist in Valley Stream, New York, *id.* at 4-5, took her daughter, K.M., for a "routine check" on May 25, 2021, and that K.M. "had an abscess on [her] upper gum." *Id.* at 5. Plaintiff states that although Defendant did not examine K.M. directly, a dental x-ray identified "a tooth that needed to be removed." *Id.* at 5-6. Defendant then allegedly "referred Plaintiff to three orthodontists and was told to follow up after."

*Id.* at 6. Plaintiff states that she tried to make an appointment, but none of the orthodontists took her insurance. *Id.* Plaintiff took her daughter to the emergency room, which prescribed an antibiotic. *Id.* at 7. K.M. ultimately needed two teeth removed "because the infection was so bad." *Id.* Plaintiff seeks $1 million in damages, in part because she alleges that this ordeal has aggravated her existing condition of bi-polar disorder. *Id.* at 6.

## II. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). At the same time, federal courts give special consideration to *pro se* plaintiffs. *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). When determining the sufficiency of a *pro se* complaint, the court must look for the strongest arguments that the complaint suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must give the plaintiff an opportunity to amend the complaint, if amended would potentially be fruitful. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A district court has the inherent power to dismiss a case *sua sponte* if it determines that the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

### III. Discussion

In this case, Plaintiff's complaint does not assert any legally valid basis for this Court to exercise jurisdiction over her claims, as she has neither presented a federal question nor asserted diversity jurisdiction. Plaintiff appears to allege medical malpractice against Defendant, who is a private party. Although Plaintiff may have a cause of action for medical malpractice under New York State law, Plaintiff's allegations do not implicate any federal law or right. *See, e.g.*, *Obunugafor v. Borchert*, No. 01 Civ. 3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) (holding that plaintiff's claims for medical neglect and failure to diagnose amounted to a claim of negligence or malpractice under state law and did not raise a federal question). The Court states no opinion as to whether Plaintiff has a colorable medical malpractice claim against Defendant in state court. However, because Defendant is apparently a private party, rather than a government actor,

the Court disagrees with Plaintiff that the "right to medical treatment," ECF No. 1 at 2, confers federal question jurisdiction on this Court.

Furthermore, because Plaintiff and Defendant are both alleged to be residents of New York State, Plaintiff may not rely on diversity of citizenship to assert federal jurisdiction over this potential state law claim. *Obunugafor*, 2001 WL 1255929, at *1 ("Since Plaintiff alleges that both she and Defendants are citizens of the same state, there is no diversity of citizenship in this case.").

Generally, a court should grant leave to amend at least once. *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). However, "leave to amend need not be granted when amendment would be futile." *Id.* In this case, Plaintiff has not suggested any factual allegations, parties to the lawsuit, or legal claims that would bring her disputes regarding her daughter's dental treatment under the jurisdiction of the federal courts, thus amendment would be futile.

## IV. Conclusion

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Any potential state law claims are dismissed without prejudice to filing in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Plaintiff at the address provided and note the mailing on the docket.

4

SO ORDERED.

                                           _/s/ NRM_
                                           NINA R. MORRISON
                                           United States District Judge

Dated:        July 20, 2023
                Brooklyn, New York